UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RICHARD E. HICKS,<br><br>    Plaintiff,<br>v.<br><br>WATERMAN STEAMSHIP<br>CORPORATION and MAERSK LINE,<br>LIMITED,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§ CIVIL ACTION NO. H-09-1601<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Richard E. Hicks' Motion to Remand (Doc. No. 17). Considering the parties' filings and the applicable law, the Court finds that the Motion should be granted.

I.  BACKGROUND

A.  Plaintiff's Alleged Injuries

Plaintiff Richard E. Hicks ("Plaintiff") was a seaman, cook, and crew member aboard the U.S. Flag Containership M/V MAERSK ALABAMA ("MAERSK"). The MAERSK was owned by Defendant Maersk Line, Limited ("Maersk"), who chartered the boat to Defendant Waterman Steamship Corporation ("Waterman"). On April 4, 2009, MAERSK departed Djibouti, Djibouti for Mombasa, Kenya. On the morning of April 8, four Somali pirates aboard a small boat came alongside the MAERSK and successfully boarded the vessel. The pirates' attempt to hijack the vessel was ultimately unsuccessful.[1]

---

[1] This factual summary has been generated from Plaintiff's Motion (Doc. No. 17) and Defendants' Response (Doc. No. 18).

1

Plaintiff alleges that he sustained injures and physical impairment during the incident with the pirates. Plaintiff further alleges that Maersk and Waterman failed to provide adequate security for the MAERSK, thereby proximately causing his injuries. (Org. Compl. at 2.) Pursuant to these allegations, Plaintiff asserts causes of action for negligence under 46 U.S.C. §688, the "Jones Act", unseaworthiness, and maritime and common law claims arising from the faults, acts, omissions, and breaches of duties owed to him as an employee and mariner.

Plaintiff filed his Original Complaint in the 270th Judicial District Court, Harris County, State of Texas. Defendants timely removed the case to this Court. Plaintiff now moves to remand this suit to state court.

**B.     Legal Background**

**1.     Maritime Transportation Security Act of 2002**

Congress enacted the Maritime Transportation Security Act of 2002 ("MTSA"), 46 U.S.C. §70101, *et seq.*, to address maritime transportation security and to deter potential "transportation security incidents," defined as "security incident[s] resulting in a significant loss of life, environmental damage, transportation system disruption, or economic disruption in a particular area." 46 U.S.C. § 70101(6). The MTSA requires the owners and operators of "vessels and facilities that the Secretary believes may be involved in a transportation security incident" to prepare a security plan "for deterring a transportation incident to the maximum extent practicable." *Id.* §§ 70103(c)(1)-(2). These security plans must be "consistent with the requirements of the National Maritime Transportation Security Plan and Area Maritime Transportation Security Plans" and must include provisions for establishing and maintaining physical security, passenger and

2

cargo security, and personnel security." *Id.* § 70103(c)(3). Pursuant to the MTSA's implementing regulations, the U.S. Coast Guard requires that each vessel owner draft a Vessel Security Plan ("VSP"), defined as "a plan developed to ensure the application of security measures designed to protect the vessel and the facility that the vessel is servicing or interacting with." 33 C.F.R. § 101.105. In this case, Maersk, as owner of the MAERSK, drafted and compiled a VSP and submitted it to the U.S. Coast Guard on August 6, 2006. (Rolf Pederson Aff. ¶¶ 5-6, July 10, 2009.) This VSP was ultimately approved. *Id.*

### 2. Jones Act

The Jones Act was passed in 1920 to provide seamen a cause of action against their employers for negligence. Under the Jones Act, the employer's duty to provide a reasonably safe place to work is absolute; it can be delegated through neither arrangements with third parties regarding a vessel's operation, nor by the manner in which work is assigned. *Bertrand v. International Mooring and Marine*, 700 F.2d 240, 245 (5th Cir. 1983), *cert. denied,* 464 U.S. 1069 (1984); *Hall v. Diamond M Co.*, 732 F.2d 1246, 1249 (5th Cir. 1984). Therefore, the employer may be responsible even if he is not the owner of the ship on which the seaman serves. *Bertrand*, 700 F.2d at 245 n. 10.

### 3. Standard for Removal

The remand statute, 28 U.S.C. § 1441(a), provides:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Furthermore, any civil action of which the district court has original jurisdiction founded on a claim arising under the Constitution, treaties or laws of the United States shall be

3

removable without regard to the citizenship or residence of the parties. 28 U.S.C. § 1441(b). To determine whether a claim arises under federal law for removal purposes, the court examines the well pleaded allegations of the complaint and disregards any potential defenses. *Beneficial Nat. Bank, et al. v. Anderson*, 539 U.S. 1, 6 (2003).

Under 28 U.S.C. §1441(c), a party may remove an entire action "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by [28 U.S.C. §] 1331 . . . is joined with one or more otherwise non-removable claims or causes of action." A federal claim is "separate and independent" for purposes of the statute if it involves obligations distinct from the nonremovable claims in the case. *State of Texas v. Walker*, 142 F.3d 813, 817 (5th Cir. 1998).

The party that seeks removal has the burden of establishing that federal jurisdiction exists and that removal of the suit was proper. *Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted). The court must strictly construe the removal statutes in favor of remand and against removal. *Bosky v. Kroger Tex., L.P.*, 288 F.3d 208, 211 (5th Cir. 2002). Generally, a Jones Act claim initially filed in state court cannot be removed. *Fields v. Pool Offshore, Inc.*, 182 F.3d 353, 356 (5th Cir. 1999). Thus, in order to defeat Plaintiff's Motion for Remand, Defendants must show that this case was properly removed to this Court under 28 U.S.C. §§ 1441(b) or (c).

## II.   SEPARATE AND INDEPENDENT CLAIM JURISDICTION

Defendants avers that, although Plaintiff names both Maersk and Waterman in his allegations, the Jones Act provides him a remedy only against Waterman, the charterer of the MAERSK and Plaintiff's sole employer for purposes of the statute. (Defs.' Resp. at

6.) Thus, argues Defendants, Maersk's obligations to Plaintiff regarding the provision of safety are governed not by the Jones Act, but by the MTSA. *Id.* Therefore, Plaintiff's negligence claim against Maersk for failure to provide adequate security necessarily states an alleged violation of Maersk's security obligations under U.S. national security laws, which is a separate and independent federal claim from the nonremovable Jones Act, creating federal removal jurisdiction under 28 U.S.C § 1441(c). (*Id.* at 6-7.)

The Court is unconvinced by Defendants' argument. First, courts have previously and consistently recognized negligence and unseaworthiness actions brought against both vessel owners and charterers. See *Miles v. Apex Marine Corporation*, 498 U.S. 19 (1990); *Usner v. Luckenbach Oversease Corp.*, 400 U.S. 494, 498 (1971) (holding that a cause of action for unseaworthiness is separate and independent of other claims brought against a shipowner); *Becker v. Tidewater, Inc.*, --- F.3d ---, No. 08-30183, 2009 WL 2635458 (5th Cir. Aug. 28, 2009) (apportioning fault for employee injuries between vessel owner and charterer). While a shipowner may not qualify as an employer for purposes of Jones Act actions, he may nonetheless be liable to a seaman under general maritime and common law actions. The Jones Act provides for negligence remedies in cases where an employer-employee relationship exists, while other maritime causes of action, such as seaworthiness, create alternative and additional theories of liability. *Usner v. Luckenbach Oversease Corp.*, 400 U.S. 494, 498 (1971) ("[u]nseaworthiness is a condition, and how that condition came into being—whether by negligence or otherwise—is quite irrelevant to the owner's liability for personal injuries resulting from it.").

Here, Plaintiff brings causes of action against Defendants pursuant to the Jones Act as well as general maritime and common laws. (Org. Pet. at 2.) Thus, even if

Defendants are correct that Maersk, as the owner of the vessel at issue here, is not Plaintiff's employer for purposes of the Jones Act (although the Court does not decide the merits of the argument here), this would not necessarily exclude Maersk from liability for Plaintiff's other maritime actions. Thus, it cannot be said, as Defendants argue, that Plaintiff is necessarily alleging violations of federal security law in pleading that they failed to provide adequate security for the MAERSK.[2] Indeed, nowhere in his Complaint does Plaintiff refer to the MTSA, nor does he make any allegations regarding Defendants' failure to comply with that federal security regimen. MTSA is not the only source of Maersk's obligations as owner of a sea vessel; therefore its liability to Plaintiff does not stem only from its compliance or non-compliance with the MTSA.

Moreover, Defendants' argument that Maersk's non-Jones Act obligations, whether stemming from the MTSA or elsewhere, create separate and independent claims, must also fail. When a party seeks redress for the violation of a single primary right or for one legal wrong, the case cannot contain separate and independent claims, although the plaintiff may assert multiple theories of liability against multiple defendants. *State of Texas*, 142 F.3d at 818; *see also American Fire & Cas. Co v. Finn*, 341 U.S. 6, 11-12 (1951) ("word 'independent' gives emphasis to congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal"). The Court in *Finn* emphasized the rigor of the separate and independent standard for creating removal jurisdiction:

> Upon principle, it is perfectly plain that the respondent suffered but one actionable wrong and was entitled to but one recovery, whether his injury was due to one or the other of several distinct acts of alleged negligence or to a

---

[2] Defendants, in arguing that Plaintiff must be alleging an MTSA claim again Maersk in his complaint, seem to be making an argument that the MTSA preempts Plaintiff's stated causes of action under the Jones Act and maritime common law . This argument is addressed in more depth, *infra*.

6

combination of some or all of them. In either view, there would be but a single wrongful invasion of a single primary right of the plaintiff, namely, the right of bodily safety, whether the acts constituting such invasion were one or many, simple or complex.

*Finn*, 341 U.S. at 12 (citing *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 321 (1927)).

Here, it is clear that Plaintiff is seeking to vindicate one actionable right, namely personal security while working aboard a vessel, which was allegedly compromised by a single incident involving Somali pirates. That Plaintiff could theoretically assert this right through multiple theories of liability—including the Jones Act, the MTSA, and other principles of maritime law—does not convert the wrongful invasion of a single primary right into a series of separate and independent claims. Therefore, even if Defendants' argument that Plaintiff is in fact alleging an MTSA violation against Maersk was accepted by this Court, the removal standard set out in § 1441(c) would not be met. Because Plaintiff asserts no federal claims that are separate and independent from the non-removable Jones Act claims, this court cannot assert removal jurisdiction based on § 1441(c).

## III. COMPLETE PREEMPTION

Defendants also contend that this Court can exercise jurisdiction based on complete federal preemption. "A suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Beneficial Nat. Bank*, 539 U.S. at 6 (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). Under the complete preemption doctrine, a cause of action may be recast as a federal claim for relief, making its removal proper, if the law governing the complaint is exclusively federal. *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1273 (2009); *see also Beneficial Nat. Bank*, 539 U.S. at

8. In other words, the federal statute must wholly displace the alternative cause of action in order for preemption to apply. *Beneficial Nat. Bank*, 539 U.S. at 8.

Here, there is no legitimate argument that the MTSA, which represents a national effort to coordinate security upon sea vessel transportation, wholly displaces the well-established causes of action under the Jones Act and general maritime law. In fact, Defendants do not argue, and this Court finds no evidence, that the MTSA contains a private right of action for seamen and other individuals. *Cf. Bridgeport and Port Jefferson Steamboat Co. v. Bridgeport Port Authority*, 566 F.Supp.2d 81, 101 (D.Conn. 2008) (finding no evidence that a provision of the MTSA amending the Rivers and Harbors Appropriation Act of 1884 contains a private right of action, but declining to decide the issue). This strongly indicates that complete preemption is not present in this case. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 817 (1986) (determining the question of removal jurisdiction by reference to the "well-pleaded complaint," and assuming that there is no federal cause of action for FDCA violations, the cases were improperly removed to the Federal District Court); *Saadat v. Landsafe Flood Determination, Inc.* 253 Fed.Appx. 343, 344 (5th Cir. 2007) (unpublished) ("a complaint that alleges a violation of a federal statute as an element of a state cause of action, when there is no private cause of action under the statute, does not state a claim conferring federal question jurisdiction").

Furthermore, a defense that relies on the preemptive effect of a federal statute will not provide the basis of removal. *Beneficial Nat. Bank*, 539 U.S. at 6; *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1 (1983). Nowhere in Plaintiff's Complaint does he allege violations of the MTSA, its

implementing regulations, or any federal law other than the Jones Act. Defendants' compliance or non-compliance with the federal security scheme created by the MTSA would at most amount to a defense to Plaintiff's stated claims under the Jones Act and maritime common law. This cannot serve as the basis for removal jurisdiction. Thus, this Court cannot exercise jurisdiction in this case based on the doctrine of complete preemption.

### III.  DIVERSITY JURISDICTION

Defendants contend that removal jurisdiction is proper based on complete diversity under 28 U.S.C. § 1441(b). However, Jones Act claims are not subject to removal to federal court, even in the event of diversity of parties. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455 (2001). Thus, Defendants' argument fails.

### IV.  CONCLUSION

Because this Court lacks subject matter jurisdiction over this case, Plaintiff's Motion for Remand (Doc. No. 17) must be **GRANTED**. This case is hereby remanded to the 270th Judicial District Court, Harris County, State of Texas.

**IT IS SO ORDERED.**

**SIGNED** this 16th day of September, 2009.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE